Emil PANICHI and Emily Panichi, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 428, Docket 87–6162.

United States Court of Appeals, Second Circuit.

Argued Dec. 1, 1987.

Decided Dec. 4, 1987.

* Of the United States District Court for the Southern District of New York, sitting by designation.

Jordan Stanzler, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Steven E. Obus, Asst. U.S. Atty., New York City, on the brief), for defendant-appellant.

Peter L. Maroulis, Poughkeepsie, N.Y. (Raymond M. Pezzo, James P. Constantino, Poughkeepsie, N.Y., on the brief), for plaintiffs-appellees.

Before NEWMAN and CARDAMONE, Circuit Judges, and GRAY, District Judge.*

* The Honorable William P. Gray of the United States District Court for the Central District of

PER CURIAM:

■ The United States appeals from a judgment of the District Court for the Southern District of New York (Charles L. Brieant, Chief Judge) awarding Emil and Emily Panichi a tax refund. The Court ruled that plaintiffs were entitled to a deduction for depreciation of a list of their trash collection customers that Emil Panichi purchased from Dutchess Sanitation Service, Inc. On appeal, the United States argues that the customer list may not be depreciated because it is inseparable from goodwill. We agree with the District Judge that the customer list had ascertainable value and may be depreciated.

An intangible asset such as a customer list may be depreciated where the taxpayer can show that (1) the asset has an ascertainable value separate and distinct from goodwill and (2) the asset has a limited useful life, the duration of which can be determined with reasonable accuracy. *See* 26 C.F.R. § 1.167(a)–3 (1987); Rev.Rul. 74–456, 1974–2 C.B. 65; *Houston Chronicle Publishing Co. v. United States*, 481 F.2d 1240, 1250 (5th Cir.1973). The courts have recognized that the depreciability of an intangible asset under this standard is largely a question of fact, dependent upon the circumstances of each case. *Houston Chronicle Publishing Co. v. United States, supra*, 481 F.2d at 1243; *Manhattan Co. of Virginia, Inc. v. Commissioner*, 50 T.C. 78, 90–91 (1968); *see also* Rev. Rul. 74–456, 1974–2 C.B. 65.

In the present case, the District Judge found that the customer list had a discrete value, apart from goodwill, of 22 times the monthly receipts from the customers on the list, or $288,800. He also found that the list had a depreciable life span of fifteen years and a salvage value of ten percent. He therefore permitted a deduction of $259,650 to be taken over fifteen years. These findings are amply supported in the record by the testimony of Mr. Panichi and the expert witnesses.

California, sitting by designation.

**302**

The Government argues on appeal that, as a matter of law, the value of the customer list is inseparable from goodwill. However, the depreciation cases on which it relies involve purchases of entire businesses as going concerns. *E.g. Thrifticheck Service Corp. v. Commissioner*, 287 F.2d 1 (2d Cir.1961); *Ralph W. Fullerton Co. v. United States*, 550 F.2d 548 (9th Cir.1977). In contrast, where a customer list is acquired as an asset separate from a going concern, it may be depreciated. *See, e.g., Holden Fuel Oil Co. v. Commissioner*, 479 F.2d 613 (6th Cir.1973); *Manhattan Co. of Virginia, Inc. v. Commissioner, supra*, 50 T.C. at 90–91. In the present case, Dutchess sold only its trash collection operation, while remaining in the business of refuse disposal. More important, Panichi acquired only a small fraction of Dutchess' customer route stops and some equipment; the remainder of Dutchess' route stops were sold to other purchasers, and Dutchess retained its trade name for its ongoing business. In *Manhattan Company*, the Tax Court determined that where a laundry company that remained in the cleaning business sold its home pickup and delivery lists and some equipment to several purchasers, the customer lists had ascertainable value and the purchase price for the lists could be allocated between depreciable and non-depreciable portions. 50 T.C. at 90–91. As the District Judge in the pending case recognized, *Manhattan Company* is virtually indistinguishable from the present facts.

The judgment of the District Court is affirmed.